# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Public Employees' Retirement System of Mississippi,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Sprouts Farmers Market Incorporated, et al.,<br><br>　　　　Defendants. | No. CV-16-00815-PHX-ROS<br><br>**ORDER** |

Plaintiff Public Employees' Retirement System of Mississippi filed this case in state court. The operative complaint asserts claims solely under federal law. Hoping this Court would go against the weight of authority in the Ninth Circuit, Defendants removed the case to federal court. Plaintiff now seeks remand, arguing federal jurisdiction does not exist. While remanding a complaint with federal claims is unusual, it is supported by a straightforward application of the applicable statutes. Therefore, this case will be remanded for lack of subject matter jurisdiction.

## BACKGROUND

The factual background and basis for Plaintiff's claims need only be described in very basic details. Plaintiff filed this suit as a putative class action on behalf of all persons who purchased or acquired the stock of Sprouts Famers Market, Inc. Plaintiff believes Sprouts did not disclose certain information that it should have disclosed. Based on that, Plaintiff filed claims under the Securities Act of 1933 against Sprouts, related

companies, and numerous individuals (collectively, "Defendants"). Plaintiff did not assert any state-law claims but filed its suit in state court. Defendants removed the case to federal court, arguing removal was proper because the claims asserted in the complaint arise under federal law. Plaintiff agrees it is only asserting federal claims but argues the case must be remanded.

## ANALYSIS

Whether this case can remain in federal court depends on the interpretation and application of three statutory provisions. The first two provisions are found at 15 U.S.C. § 77p(b) and 15 U.S.C. § 77p(c). The Ninth Circuit has described these two provisions in simple terms. First, "[s]ubsection 77p(b) is commonly referred to as the 'preclusion provision' because it bars individuals from bringing certain state-law securities fraud claims as class actions in either state or federal court." *Rainero v. Archon Corp.*, 844 F.3d 832, 837 (9th Cir. 2016). Second, subsection 77p(c) allows for the removal from state court of certain state-law securities fraud claims brought in class actions. *Id.* The way these two provisions work in practice is that, if a plaintiff attempts to file a class action asserting state-law securities fraud claims in state court, the defendant can remove the case to federal court and the federal court will simply dismiss the state-law claims. *See, e.g.*, *Madden v. Cowen & Co.*, 576 F.3d 957, 965 (9th Cir. 2009) (noting any suit removable under § 77p(c) is precluded by § 77p(b)). Complications arise, however, when a class action asserting solely federal-law securities claims is filed in state court.

When such a complaint is filed in state court, the final statutory provision becomes relevant. That provision, 15 U.S.C. § 77v(a), is lengthy but only two relatively short portions are relevant here. The first portion confers concurrent jurisdiction, with one notable exception, on both state and federal courts to hear federal-law securities claims:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations [of federal securities laws and regulations], and, concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

This portion means federal and state courts have concurrent jurisdiction to hear federal-law securities claims, with an exception that certain class actions claims cannot be brought in either federal or state courts. The next portion of § 77v(a) has been labeled by courts "the removal bar." That portion states:

> Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C.A. § 77v(a). On first glance, it appears the removal bar means the only class actions that can be removed to federal court are those class actions covered by § 77p(c), *i.e.*, class actions involving state-law claims. The reasoning is as follows: § 77p(b) precludes class actions based on state-law, § 77p(c) allows for the removal of class actions based on state-law, and § 77v(a) leaves the removal bar in place for all non-precluded suits. That means complaints filed in state court asserting solely federal-law claims must remain in state court. Defendants present a variety of arguments why this strange result is not correct, primarily focusing on the language "State court of competent jurisdiction." According to Defendants, state courts are not "court[s] of competent jurisdiction" to hear suits alleging solely federal claims. Legislative history and "common sense" allegedly make this clear.

District courts across the country have addressed this exact issue and reached different results. District courts in the Ninth Circuit have also issued conflicting rulings. But as noted in 2015, the "increasing majority view among the district courts within the Ninth Circuit" is that securities class actions alleging solely federal claims cannot be removed to federal court. *Cervantes v. Dickerson*, No. 15-CV-3825-PJH, 2015 WL 6163573, at *4 (N.D. Cal. Oct. 21, 2015) (citing eight other district court decisions reaching same conclusion). At least one judge in the District of Arizona has followed that majority view. *Westmoreland Cty. Employee Ret. Fund v. Inventure Foods Inc.*, No. CV-16-01410-PHX-SMM, 2016 WL 7654657, at *1 (D. Ariz. Aug. 11, 2016). Those decisions engage—often at considerable length—with all of the arguments supporting the competing readings of the statutory provisions. *Dickerson*, 2015 WL 6163573, at *4-*7.

Defendants argue the analysis in the cases ordering remand leads to a "facially absurd result" and is contrary to "common sense." (Doc. 35 at 6). Moreover, Defendants claim "neither Ninth Circuit law nor any other federal appellate decision requires, or supports in any way, remand of this action." (Doc. 35 at 7). These arguments are plainly overstated.

It is neither facially absurd nor contrary to common sense for Congress to decide certain "federal claims instituted in state court [are] nonremovable," particularly where concurrent jurisdiction was long accepted. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386 n.15 (2012). In fact, the Supreme Court—albeit in passing—cited § 77(v)(a) as an example of Congress doing precisely that. *Id.* Moreover, there certainly is *some* support in Ninth Circuit authority for finding this case nonremovable. After all, Defendants devote portions of their brief opposing remand to discussing why statements in *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008) and *Madden v. Cowen & Co.*, 576 F.3d 957 (9th Cir. 2009) do not require remand. Defendants argue those statements are dicta. But that is a concession that those cases provide some support for remanding this case. *See United States v. Johnson*, 256 F.3d 895, 915 (9th Cir. 2001) (noting statements in opinions "uttered in passing without due consideration of the alternatives" should be reconsidered "cautiously and rarely"). Accordingly, Defendants' argument that Ninth Circuit authority does not "support in any way" ordering remand is incorrect.

In the end, there are plausible arguments supporting both readings of the relevant statutes. Those arguments have been discussed and analyzed in exhaustive detail by other courts and nothing would be gained by repeating the analyses here. Among those decisions, the better reasoned ones find cases such as the present are nonremovable. This result is driven, in large part, by the "deeply rooted presumption in favor of concurrent state court jurisdiction." *Mims*, 565 U.S. at 378. State courts had concurrent jurisdiction after the enactment of the Securities Act of 1933. And while Defendants claim Congress ousted state courts of jurisdiction in 1998, Congress "does not . . . hide elephants in mouseholes." *Whitman v. Am. Trucking Associations*, 531 U.S. 457, 468 (2001).

1  Accordingly, if Congress meant to overcome the presumption of concurrent jurisdiction
2  for a statute where such jurisdiction had indisputably existed for decades, it seems
3  unlikely it concealed this desire in a complicated and confusing statutory scheme
4  whereby courts must read cross-referencing statutes subject to multiple plausible
5  readings.

6  Finally, Defendants believe a pending writ of certiorari to the United States
7  Supreme Court will resolve this issue.  The Supreme Court is currently awaiting
8  additional briefing and even if certiorari were granted, no decision would be issued until
9  late this year.  It would unduly delay this case to wait for that decision.

10  Accordingly,

11  **IT IS ORDERED** the Motion to Remand (Doc. 34) is **GRANTED**.  The Clerk of
12  Court is directed to remand this case to the Maricopa County Superior Court.

13  Dated this 24th day of March, 2017.

Honorable Roslyn O. Silver
Senior United States District Judge