Maureen Beyers, 017134
BEYERS FARRELL PLLC
99 East Virginia Ave. Suite 220
Phoenix, Arizona 85004-1195
(602) 603-1521
mbeyers@bfazlaw.com

Susan F. DiCicco, *admitted pro hac vice*
Brian A. Herman, *admitted pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-6000
(212) 309-6000
susan.dicicco@morganlewis.com
brian.herman@morganlewis.com

*Attorneys for Defendants Sprouts Farmers Market, Inc., J. Douglas Sanders, Amin N. Maredia, Donna Berlinski, Andrew S. Jhawar, Shon Boney, Joseph Fortunato, Lawrence P. Molloy, and Steven H. Townsend*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Public Employees' Retirement System of Mississippi, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Sprouts Farmers Market, Inc., J. Douglas Sanders, Amin N. Maredia, Donna Berlinski, Andrew S. Jhawar, Shon Boney, Joseph Fortunato, Lawrence P. Molloy, Steven H. Townsend, AP Sprouts Holdings, LLC, AP Sprouts Holdings (Overseas), L.P., Barclays Capital Inc., and Morgan Stanley & Co. LLC,<br><br>Defendants. | No. 2:16-cv-00815-ROS<br><br>**DEFENDANTS' NOTICE OF APPEAL** |

Notice is hereby given that Defendants Sprouts Farmers Market, Inc., J. Douglas Sanders, Amin N. Maredia, Donna Berlinski, Andrew S. Jhawar, Shon Boney, Joseph Fortunato, Lawrence P. Molloy, Steven H. Townsend, AP Sprouts

Holdings, LLC, AP Sprouts Holdings (Overseas), L.P., Barclays Capital Inc., and Morgan Stanley & Co. LLC (collectively, "Defendants"), hereby appeal to the United States Court of Appeals for the Ninth Circuit from the Order of March 24, 2017, entered by the United States District Court for the District of Arizona, remanding the above-captioned action to state court.  The March 24, 2017 Order is attached hereto as Exhibit A.

The District Court's "remand order is not barred from review under [28 U.S.C.] § 1447(d)" and is "final for purposes of [28 U.S.C.] § 1291." *Harmston v. City & Cnty. of San Francisco*, 627 F.3d 1273, 1278 (9th Cir. 2010).  The Ninth Circuit has recently permitted an appeal to proceed from a district court order that ordered remand of a Securities Act of 1933 class action in virtually identical circumstances.  *See Ellis v. Natera, Inc., et al.*, No. 16-16576 (9th Cir. Jan. 13, 2017) (ECF No. 10) (denying plaintiff-appellee's motion to dismiss appeals and directing parties to include in their merits briefing whether the remand of a federal securities case is appealable to the Ninth Circuit).

Defendants' Representation Statement is attached to this Notice as required by Ninth Circuit Rule 3-2(b).

DATED this 21st day of April, 2017.

                BEYERS FARRELL PLLC

                By:  /s/ *Maureen Beyers*
                Maureen Beyers, 017134
                99 East Virginia Avenue, Suite 220
                Phoenix, AZ 85004
                602-603-1521
                mbeyers@bfazlaw.com

Susan F. DiCicco, *pro hac vice*
Brian A. Herman, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-6000
212-309-6000
susan.dicicco@morganlewis.com
brian.herman@morganlewis.com

*Counsel for Defendants Sprouts Farmers Market, Inc., J. Douglas Sanders, Amin N. Maredia, Donna Berlinski, Andrew S.Jhawar, Shon Boney, Joseph Fortunato, Lawrence P. Molloy, and Steven H. Townsend*

BEYERS FARRELL PLLC

By:  /s/ *Maureen Beyers*
Maureen Beyers, 017134
99 East Virginia Avenue, Suite 220
Phoenix, AZ 85004
602-603-1521
mbeyers@bfazlaw.com

Seth Aronson, *pro hac vice*
O'MELVENY & MYERS LLP
400 S Hope St., Ste. 1587
Los Angeles, CA 90071
213-430-6000
saronson@omm.com

Jonathan Rosenberg, *pro hac vice*
Abby F. Rudzin, *pro hac vice*
O'MELVENY & MEYERS LLP
7 Times Square
New York, NY 10036
212-326-2000
jrosenberg@omm.com
arudzin@omm.com

*Counsel for AP Sprouts Holdings, LLC and AP Sprouts Holdings (Overseas), L.P.*

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By:  /s/ *Jesse B. Simpson*
Jesse B. Simpson
201 East Washington Street Suite 1200
Phoenix, AZ 85004
602-262-5387
jsimpson@lrrc.com

Adam S. Hakki, *pro hac vice*
Agnès Dunogué, *pro hac vice*
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
212-848-5257
adam.hakki@shearman.com
agnes.dunogue@shearman.com

*Counsel for Barclays Capital Inc.
and Morgan Stanley & Co. LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on April 21st, 2017, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/        *Maureen Beyers*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Public Employees' Retirement System of Mississippi,<br><br>        Plaintiff,<br><br>v.<br><br>Sprouts Farmers Market Incorporated, et al.,<br><br>        Defendants. | No. CV-16-00815-PHX-ROS<br><br>**ORDER** |

Plaintiff Public Employees' Retirement System of Mississippi filed this case in state court. The operative complaint asserts claims solely under federal law. Hoping this Court would go against the weight of authority in the Ninth Circuit, Defendants removed the case to federal court. Plaintiff now seeks remand, arguing federal jurisdiction does not exist. While remanding a complaint with federal claims is unusual, it is supported by a straightforward application of the applicable statutes. Therefore, this case will be remanded for lack of subject matter jurisdiction.

**BACKGROUND**

The factual background and basis for Plaintiff's claims need only be described in very basic details. Plaintiff filed this suit as a putative class action on behalf of all persons who purchased or acquired the stock of Sprouts Famers Market, Inc. Plaintiff believes Sprouts did not disclose certain information that it should have disclosed. Based on that, Plaintiff filed claims under the Securities Act of 1933 against Sprouts, related

companies, and numerous individuals (collectively, "Defendants"). Plaintiff did not assert any state-law claims but filed its suit in state court. Defendants removed the case to federal court, arguing removal was proper because the claims asserted in the complaint arise under federal law. Plaintiff agrees it is only asserting federal claims but argues the case must be remanded.

## ANALYSIS

Whether this case can remain in federal court depends on the interpretation and application of three statutory provisions. The first two provisions are found at 15 U.S.C. § 77p(b) and 15 U.S.C. § 77p(c). The Ninth Circuit has described these two provisions in simple terms. First, "[s]ubsection 77p(b) is commonly referred to as the 'preclusion provision' because it bars individuals from bringing certain state-law securities fraud claims as class actions in either state or federal court." *Rainero v. Archon Corp.*, 844 F.3d 832, 837 (9th Cir. 2016). Second, subsection 77p(c) allows for the removal from state court of certain state-law securities fraud claims brought in class actions. *Id.* The way these two provisions work in practice is that, if a plaintiff attempts to file a class action asserting state-law securities fraud claims in state court, the defendant can remove the case to federal court and the federal court will simply dismiss the state-law claims. *See, e.g.*, *Madden v. Cowen & Co.*, 576 F.3d 957, 965 (9th Cir. 2009) (noting any suit removable under § 77p(c) is precluded by § 77p(b)). Complications arise, however, when a class action asserting solely federal-law securities claims is filed in state court.

When such a complaint is filed in state court, the final statutory provision becomes relevant. That provision, 15 U.S.C. § 77v(a), is lengthy but only two relatively short portions are relevant here. The first portion confers concurrent jurisdiction, with one notable exception, on both state and federal courts to hear federal-law securities claims:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations [of federal securities laws and regulations], and, concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

This portion means federal and state courts have concurrent jurisdiction to hear federal-law securities claims, with an exception that certain class actions claims cannot be brought in either federal or state courts. The next portion of § 77v(a) has been labeled by courts "the removal bar." That portion states:

> Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C.A. § 77v(a). On first glance, it appears the removal bar means the only class actions that can be removed to federal court are those class actions covered by § 77p(c), *i.e.*, class actions involving state-law claims. The reasoning is as follows: § 77p(b) precludes class actions based on state-law, § 77p(c) allows for the removal of class actions based on state-law, and § 77v(a) leaves the removal bar in place for all non-precluded suits. That means complaints filed in state court asserting solely federal-law claims must remain in state court. Defendants present a variety of arguments why this strange result is not correct, primarily focusing on the language "State court of competent jurisdiction." According to Defendants, state courts are not "court[s] of competent jurisdiction" to hear suits alleging solely federal claims. Legislative history and "common sense" allegedly make this clear.

District courts across the country have addressed this exact issue and reached different results. District courts in the Ninth Circuit have also issued conflicting rulings. But as noted in 2015, the "increasing majority view among the district courts within the Ninth Circuit" is that securities class actions alleging solely federal claims cannot be removed to federal court. *Cervantes v. Dickerson*, No. 15-CV-3825-PJH, 2015 WL 6163573, at *4 (N.D. Cal. Oct. 21, 2015) (citing eight other district court decisions reaching same conclusion). At least one judge in the District of Arizona has followed that majority view. *Westmoreland Cty. Employee Ret. Fund v. Inventure Foods Inc.*, No. CV-16-01410-PHX-SMM, 2016 WL 7654657, at *1 (D. Ariz. Aug. 11, 2016). Those decisions engage—often at considerable length—with all of the arguments supporting the competing readings of the statutory provisions. *Dickerson*, 2015 WL 6163573, at *4-*7.

1 Defendants argue the analysis in the cases ordering remand leads to a "facially absurd
2 result" and is contrary to "common sense." (Doc. 35 at 6). Moreover, Defendants claim
3 "neither Ninth Circuit law nor any other federal appellate decision requires, or supports in
4 any way, remand of this action." (Doc. 35 at 7). These arguments are plainly overstated.

It is neither facially absurd nor contrary to common sense for Congress to decide certain "federal claims instituted in state court [are] nonremovable," particularly where concurrent jurisdiction was long accepted. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386 n.15 (2012). In fact, the Supreme Court—albeit in passing—cited § 77(v)(a) as an example of Congress doing precisely that. *Id.* Moreover, there certainly is *some* support in Ninth Circuit authority for finding this case nonremovable. After all, Defendants devote portions of their brief opposing remand to discussing why statements in *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008) and *Madden v. Cowen & Co.*, 576 F.3d 957 (9th Cir. 2009) do not require remand. Defendants argue those statements are dicta. But that is a concession that those cases provide some support for remanding this case. *See United States v. Johnson*, 256 F.3d 895, 915 (9th Cir. 2001) (noting statements in opinions "uttered in passing without due consideration of the alternatives" should be reconsidered "cautiously and rarely"). Accordingly, Defendants' argument that Ninth Circuit authority does not "support in any way" ordering remand is incorrect.

In the end, there are plausible arguments supporting both readings of the relevant statutes. Those arguments have been discussed and analyzed in exhaustive detail by other courts and nothing would be gained by repeating the analyses here. Among those decisions, the better reasoned ones find cases such as the present are nonremovable. This result is driven, in large part, by the "deeply rooted presumption in favor of concurrent state court jurisdiction." *Mims*, 565 U.S. at 378. State courts had concurrent jurisdiction after the enactment of the Securities Act of 1933. And while Defendants claim Congress ousted state courts of jurisdiction in 1998, Congress "does not . . . hide elephants in mouseholes." *Whitman v. Am. Trucking Associations*, 531 U.S. 457, 468 (2001).

Accordingly, if Congress meant to overcome the presumption of concurrent jurisdiction for a statute where such jurisdiction had indisputably existed for decades, it seems unlikely it concealed this desire in a complicated and confusing statutory scheme whereby courts must read cross-referencing statutes subject to multiple plausible readings.

Finally, Defendants believe a pending writ of certiorari to the United States Supreme Court will resolve this issue. The Supreme Court is currently awaiting additional briefing and even if certiorari were granted, no decision would be issued until late this year. It would unduly delay this case to wait for that decision.

Accordingly,

**IT IS ORDERED** the Motion to Remand (Doc. 34) is **GRANTED**. The Clerk of Court is directed to remand this case to the Maricopa County Superior Court.

Dated this 24th day of March, 2017.

Honorable Roslyn O. Silver
Senior United States District Judge

# United States District Court
### District of Arizona
### Office of the Clerk

**Brian D. Karth**
District Court Executive / Clerk Of Court
Sandra Day O'Connor U. S. Courthouse, Suite 130
401 West Washington Street, SPC 1
Phoenix, Arizona 85003-2118

**Michael S. O'Brien**
Chief Deputy Clerk
Evo A. DeConcini U.S. Courthouse
405 W. Congress, Suite 1500
Tucson, Arizona 85701-5010

**Debra D. Lucas**
Chief Deputy Clerk
Sandra Day O'Connor U. S. Courthouse, Suite 130
401 West Washington Street, SPC 1
Phoenix, Arizona 85003-2118



March 27, 2017

Clerk's Office
Maricopa County Superior Court
201 West Jefferson St.
Phoenix, AZ 85003-2205

**ATTN:** Civil File Counter

**RE:** **REMAND TO MARICOPA COUNTY SUPERIOR COURT**

    **District Court Case Number: CV-16-815-PHX-ROS**

    **Superior Court Case Number: CV2016-050480**

Dear Clerk of Court:

Enclosed is a certified copy of the Order entered in this Court on March 27, 2017, remanding the above case to Maricopa County Superior Court for the State of Arizona.

    Sincerely,

    BRIAN D. KARTH, DCE/CLERK OF COURT

    S/L. Dixon
    Deputy Clerk

Enclosure
cc: all counsel

Maureen Beyers, 017134
BEYERS FARRELL PLLC
99 East Virginia Ave. Suite 220
Phoenix, Arizona 85004-1195
(602) 603-1521
mbeyers@bfazlaw.com

Susan F. DiCicco, *admitted pro hac vice*
Brian A. Herman, *admitted pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-6000
(212) 309-6000
susan.dicicco@morganlewis.com
brian.herman@morganlewis.com

*Attorneys for Defendants Sprouts Farmers Market, Inc., J. Douglas Sanders, Amin N. Maredia, Donna Berlinski, Andrew S. Jhawar, Shon Boney, Joseph Fortunato, Lawrence P. Molloy, and Steven H. Townsend*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Public Employees' Retirement System of Mississippi, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Sprouts Farmers Market, Inc., J. Douglas Sanders, Amin N. Maredia, Donna Berlinski, Andrew S. Jhawar, Shon Boney, Joseph Fortunato, Lawrence P. Molloy, Steven H. Townsend, AP Sprouts Holdings, LLC, AP Sprouts Holdings (Overseas), L.P., Barclays Capital Inc., and Morgan Stanley & Co. LLC,<br><br>Defendants. | No. 2:16-cv-00815-ROS<br><br>**DEFENDANTS' REPRESENTATION STATEMENT** |

The undersigned represent Defendants Sprouts Farmers Market, Inc., J. Douglas Sanders, Amin N. Maredia, Donna Berlinski, Andrew S. Jhawar, Shon Boney, Joseph Fortunato, Lawrence P. Molloy, Steven H. Townsend, AP Sprouts

DB1/ 91600700.4

Holdings, LLC, AP Sprouts Holdings (Overseas), L.P., Barclays Capital Inc., and Morgan Stanley & Co. LLC (collectively, "Defendants").  Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 3-2(b), Defendants submit this Representation Statement.  The following list identifies all parties to this action and identifies their respective counsel by name, firm, address, telephone number, and e-mail.

| PARTY | COUNSEL OF RECORD |
|---|---|
| Defendants Sprouts Farmers Market, Inc., J. Douglas Sanders, Amin N. Maredia, Donna Berlinski, Andrew S. Jhawar, Shon Boney, Joseph Fortunato, Lawrence P. Molloy and Steven H. Townsend | BEYERS FARRELL PLLC<br>Maureen Beyers, 017134<br>99 East Virginia Ave. Suite 220<br>Phoenix, Arizona  85004-1195<br>602-603-1521<br>mbeyers@bfazlaw.com<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Susan F. DiCicco<br>Brian A. Herman<br>101 Park Avenue<br>New York, NY 10178-6000<br>212-309-6000<br>susan.dicicco@morganlewis.com<br>brian.herman@morganlewis.com |
| Defendants AP Sprouts Holdings (Overseas), L.P. and AP Sprouts Holdings, LLC | BEYERS FARRELL PLLC<br>Maureen Beyers, 017134<br>99 East Virginia Ave. Suite 220<br>Phoenix, Arizona  85004-1195<br>602-603-1521<br>mbeyers@bfazlaw.com<br><br>O'MELVENY & MYERS LLP<br>Seth Aronson<br>400 S Hope St., Ste. 1587<br>Los Angeles, CA 90071<br>213-430-6000<br>saronson@omm.com<br><br>Jonathan Rosenberg<br>Abby F. Rudzin<br>7 Times Square Tower<br>New York, NY 10036<br>212-326-2000<br>jrosenberg@omm.com<br>arudzin@omm.com |

DB1/ 91600700.4

| | | |
|---|---|---|
| 1 | Defendants Barclays Capital Inc. and Morgan Stanley & Co. LLC | LEWIS ROCA ROTHGERBER CHRISTIE LLP<br>Jesse B. Simpson<br>201 E. Washington St., Ste. 1200<br>Phoenix, AZ 85004<br>602-262-5387<br>jsimpson@lrrc.com<br><br>SHEARMAN & STERLING LLP<br>Adam S. Hakki<br>Agnès Dunogué<br>599 Lexington Ave.<br>New York, NY 10022<br>212-848-4000<br>adam.hakki@shearman.com<br>agnes.dunogue@shearman.com |
| 2 | Plaintiff Public Employees' Retirement System of Mississippi | ZIMMERMAN REED PLLP<br>Hart Lawrence Robinovitch<br>14646 N Kierland Blvd., Ste. 145<br>Scottsdale, AZ 85254-2762<br>480-348-6400<br>AZDocketing@zimmreed.com<br><br>LABATON SUCHAROW LLP<br>Matthew J. Hrutkay<br>James W. Johnson<br>Michael H. Rogers<br>140 Broadway<br>New York, NY 10005<br>212-907-0700<br>mhrutkay@labaton.com<br>jjohnson@labaton.com<br>mrogers@labaton.com |

DATED this 21st day of April, 2017.

                             BEYERS FARRELL PLLC

                             By:  /s/ *Maureen Beyers*
                             Maureen Beyers, 017134
                             99 East Virginia Avenue, Suite 220
                             Phoenix, AZ 85004
                             602-603-1521
                             mbeyers@bfazlaw.com

                             Susan F. DiCicco, *pro hac vice*
                             Brian A. Herman, *pro hac vice*
                             MORGAN, LEWIS & BOCKIUS LLP
                             101 Park Avenue
                             New York, NY 10178-6000
                             212-309-6000
                             susan.dicicco@morganlewis.com
                             brian.herman@morganlewis.com

| | |
|---|---|
| 1 | *Counsel for Defendants Sprouts Farmers Market, Inc., J. Douglas Sanders, Amin N. Maredia, Donna Berlinski, Andrew S.Jhawar, Shon Boney, Joseph Fortunato,Lawrence P. Molloy, and Steven H. Townsend* |
| 2 | |
| 3 | |
| 4 | BEYERS FARRELL PLLC |
| 5 | By:  /s/ *Maureen Beyers*<br>Maureen Beyers, 017134 |
| 6 | 99 East Virginia Avenue, Suite 220<br>Phoenix, AZ 85004 |
| 7 | 602-603-1521<br>mbeyers@bfazlaw.com |
| 8 | |
| 9 | Seth Aronson, *pro hac vice*<br>O'MELVENY & MYERS LLP |
| 10 | 400 S Hope St., Ste. 1587<br>Los Angeles, CA 90071 |
| 11 | 213-430-6000<br>saronson@omm.com |
| 12 | Jonathan Rosenberg, *pro hac vice* |
| 13 | Abby F. Rudzin, *pro hac vice*<br>O'MELVENY & MEYERS LLP |
| 14 | 7 Times Square<br>New York, NY 10036 |
| 15 | 212-326-2000<br>jrosenberg@omm.com |
| 16 | arudzin@omm.com |
| 17 | *Counsel for AP Sprouts Holdings, LLC and AP Sprouts Holdings (Overseas), L.P.* |
| 18 | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
| 19 | By:  /s/ *Jesse B. Simpson* |
| 20 | Jesse B. Simpson<br>201 East Washington Street Suite 1200 |
| 21 | Phoenix, AZ 85004<br>602-262-5387 |
| 22 | jsimpson@lrrc.com |
| 23 | Adam S. Hakki, *pro hac vice*<br>Agnès Dunogué, *pro hac vice* |
| 24 | SHEARMAN & STERLING LLP<br>599 Lexington Avenue |
| 25 | New York, NY 10022<br>212-848-5257 |
| 26 | adam.hakki@shearman.com<br>agnes.dunogue@shearman.com |
| 27 | *Counsel for Barclays Capital Inc.* |
| 28 | *and Morgan Stanley & Co. LLC* |